Filed 6/20/23  P. v. De La Cruz CA2/5
Opinion following transfer from Supreme Court

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B312111 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA198877) |
| v. | |
| JOSE DE LA CRUZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Kathleen Kennedy, Judge.  Affirmed.

Theresa Osterman Stevenson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, and Noah P. Hill, Deputy Attorney General, for Plaintiff and Respondent.

In 2002, a jury convicted defendant and appellant Jose De La Cruz of first degree murder.  (Pen. Code, § 187, subd. (a)[1].)  The jury found true the allegations that defendant personally

---

[1]     All further statutory references are to the Penal Code.

used and personally discharged a firearm.  (§ 12022.53, subds. (b) & (c).)  The trial court sentenced defendant to 25 years to life plus 20 years in state prison.  On October 8, 2003, a prior panel of this division affirmed defendant's judgment.  (*People v. De La Cruz* (Oct. 8, 2003, B158884) [nonpub. opn.].)

On March 20, 2020, defendant filed a petition for resentencing pursuant to Senate Bill No. 1437 and former section 1170.95.[2]

On April 21, 2020, the trial court appointed counsel to represent defendant.

On November 10, 2020, the Los Angeles County District Attorney filed an opposition to defendant's petition that included as exhibits the appellate opinion referenced above and a transcript of the jury instructions given at defendant's trial.  The District Attorney argued, among other things, that defendant's petition failed to make a prima facie showing for relief because the jury was not instructed on felony murder or the natural and probable consequences doctrine.

On February 22, 2021, defendant filed a response to the District Attorney's opposition requesting that the trial court issue an order to show cause and hold an evidentiary hearing.  In his response, defendant conceded the jury was not instructed on felony murder or the natural and probable consequences doctrine, but argued the jury was instructed on lying in wait murder which "imputes malice, just like the natural and probable consequences doctrine."

---

[2]     Effective June 30, 2022, the Legislature renumbered section 1170.95 to section 1172.6 with no change in text.  (Stats. 2022, ch. 58, § 10.)  Further references will be to the statute's current section number only.

At the April 8, 2021, hearing on defendant's petition, the trial court found there was no prima facie evidence that defendant was entitled to relief. Rejecting defendant's lying in wait argument, it reasoned that jurors do not "find a lying in wait special circumstance true unless [they] also are finding that the person is lying in wait for the purpose of gaining an advantage and—in committing the murder. [¶] And so this is a wholly different kind of situation than a felony murder or a natural and probable consequences theory." (See § 189, subd. (a); *People v. Sandoval* (2015) 62 Cal.4th 394, 416 [in addition to being a special circumstance, lying in wait "is a means of proving first degree murder. 'Lying in wait is the functional equivalent of proof of premeditation, deliberation, and intent to kill.' [Citation.]"].)

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief in which she did not identify any arguable issues and requested that we follow the procedure set forth in *People v. Wende* (1979) 25 Cal.3d 436 and independently review the record on appeal for arguable issues. On September 21, 2021, we notified defendant that appointed appellate counsel had filed a brief that raised no issues and he had 30 days within which to brief independently any grounds for appeal, contentions, or arguments he wanted us to consider. Defendant did not file a supplemental brief.

On February 7, 2022, we dismissed defendant's appeal as abandoned. Our Supreme Court granted defendant's petition for review and transferred the case to us "with directions to vacate [our] decision and reconsider whether to exercise [our] discretion to conduct an independent review of the record or provide any other relief in light of *People v. Delgadillo* (2022) 14 Cal.5th 216,

3

232–233 & fn. 6 [(*Delgadillo*)]." Defendant's counsel then filed a supplemental brief requesting that we conduct an independent review of the record and send notice to defendant advising him of his right to file a supplemental brief under the procedures set forth in *Delgadillo, supra*, 14 Cal.5th 216. The Attorney General filed a letter brief requesting that we either independently review the record or send a notice to defendant that complies with *Delgadillo, ibid.*

We have elected to conduct an independent review of the record (*Delgadillo, supra,* 14 Cal.5th at p. 232) and conclude that defendant is not entitled to relief under section 1172.6. Here, the jury was not instructed on and defendant was not convicted under either a felony murder or natural and probable consequences theory of murder. Nor was he convicted of murder under another theory under which malice was imputed to him based solely on his participation in a crime. Accordingly, he is ineligible for relief as a matter of law. (*People v. Daniel* (2020) 57 Cal.App.5th 666, 677.)

## DISPOSITION

The trial court's order denying defendant's petition is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


KIM, J.


We concur:



RUBIN, P. J.



MOOR, J.